**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10292 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00424-LKK |
| v. | |
| ANTHONY BATOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Craig M. Kellison, Magistrate Judge, Presiding

Submitted March 8, 2011[**]

Before:     FARRIS, LEAVY, and BYBEE, Circuit Judges.

Anthony Bator appeals pro se from the conviction and fine imposed for constructing a road without an approved operating plan, in violation of 36 C.F.R. § 261.10(a), and damaging a natural feature or property of the United States, in violation of 36 C.F.R. § 261.9(a).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bator contends that the Forest Service lacks jurisdiction to regulate his mining operations. To the contrary, 16 U.S.C. §§ 478 and 551 granted to the Secretary of Agriculture the "power to adopt reasonable rules and regulations regarding mining operations within the national forests." *United States v. Weiss*, 642 F.2d 296, 298 (9th Cir. 1981).

Bator also contends that the he was entitled to an indictment by a grand jury, proceedings before an Article III judge rather than a magistrate judge, and a jury trial. Because the offenses charged were only petty offenses, a grand jury was not required, *see* Fed. R. Crim. P. 58(b)(1); no consent was required for the trial before the magistrate judge, *see* 18 U.S.C. § 3401(b); and there was no right to a jury trial, *see Blanton v. City of North Las Vegas*, 489 U.S. 538, 543 (1989).

Bator also contends that based on certain comments and rulings made during trial, the magistrate judge should have recused himself. The record does not reflect that there was any "extrajudicial source" of bias or a "high degree of favoritism or antagonism" requiring recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Bator's remaining contentions lack merit.

**AFFIRMED.**